```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| MELISSA S. GERALD,<br><br>     Plaintiff<br><br>          v.<br><br>UNIVERSITY OF PUERTO RICO and<br>EDMUNDO KRAISELBURD,<br><br>     Defendants | CIVIL NO. 08-2084 (JP) |

**OPINION AND ORDER**

Before the Court is a motion to dismiss (**No. 13**) filed by Defendants University of Puerto Rico ("University") and Edmundo Kraiselburd ("Kraiselburd"), as well as Plaintiff Melissa S. Gerald's ("Gerald") opposition in response thereto (No. 19), and Defendants' reply (No. 22). Plaintiff Gerald filed the instant action alleging sexual harassment, discrimination, and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), Puerto Rico Law 100, P.R. Laws Ann. tit. 29, §§ 146-151 ("Law 100"), Puerto Rico Law 17, P.R. Laws Ann. tit. 29, §§ 155-155m ("Law 17d"), and Puerto Rico Law 69, P.R. Laws Ann. tit. 29, §§ 1321-1341 ("Law 69"). For the reasons stated herein, Defendants' motion to dismiss is hereby **GRANTED IN PART AND DENIED IN PART**.

CIVIL NO. 08-2084 (JP)          -2-

## I.   **FACTUAL ALLEGATIONS**

Plaintiff Gerald is a former Associate Professor of the Medical Sciences Campus of the University, assigned to the Caribbean Primate Research Center ("CPRC") at Cay Santiago in Humacao, Puerto Rico. Between 2001 and 2007, Gerald held the position of Scientist in Charge for the CPRC. Defendant Kraiselburd is the Director of the CPRC and was Plaintiff's immediate supervisor.

Plaintiff alleges that in early 2007, Plaintiff Gerald and Defendant Kraiselburd visited Cuba for an academic conference and had a sexual encounter. Upon returning to Puerto Rico, Kraiselburd allegedly insisted upon pursuing a further relationship involving sexual activity, against Gerald's wishes. Plaintiff alleges that Kraiselburd made ongoing unwanted sexual comments and innuendoes. Plaintiff rebuffed Defendant's advances repeatedly. Despite Plaintiff's clear expression of her disinterest in further sexual encounters, Defendant allegedly utilized his position of authority to continue pressuring Gerald to acquiesce to his demands.

On one occasion, Kraiselburd complained to Gerald that he felt she was not being a "team player." Gerald apologized and the meeting concluded. However, when Gerald started to say goodbye, Defendant allegedly grabbed Plaintiff's breast while making grunting noises. Subsequently, and despite Plaintiff's attempt to reconcile their differences and create a functional professional relationship, Kraiselburd allegedly subjected Plaintiff to a series of actions that

CIVIL NO. 08-2084 (JP)          -3-

reduced her authority and privileges at work.  Plaintiff was informed that she had to return the Blackberry phone that had been assigned to her one week earlier.  In addition, Kraiselburd emailed Plaintiff to inform her that she was terminated from her position as Scientist in Charge at CPRC, that her bonus was being eliminated, and that she would in the future hold a lower position as Resident Scientist.

Plaintiff Gerald subsequently filed an administrative complaint, which she alleges was met by retaliation including the filing of an administrative charge against her.  In addition, Kraiselburd filed a complaint against Plaintiff Gerald in the Puerto Rico Court of First Instance, alleging a claim of libel.  Plaintiff alleges that this complaint was also in retaliation for Plaintiff's filing of her administrative complaint alleging sexual harassment.  During the pendency of the administrative and state court proceedings, Gerald alleges that her emotional well being was seriously affected by the hostile work environment, and due to a severe lack of academic recognition and intellectual challenge.  Plaintiff visited a psychiatrist, took an extended sick leave, and eventually resigned her employment.

## II. **LEGAL STANDARD FOR A MOTION TO DISMISS**

The Supreme Court has established that, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 (2007).  As such, in order to survive

CIVIL NO. 08-2084 (JP)        -4-

a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 570. The First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), quoting Twombly, 127 S. Ct. at 1969. Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

### III. **ANALYSIS**

Defendants argue that Plaintiff Gerald's complaint fails to state a claim because: (1) Law 100 does not apply to the University; (2) the University and Kraiselburd in his official capacity are entitled to Eleventh Amendment immunity; and (3) Title VII does not permit a cause of action against individual supervisors such as Kraiselburd. The Court will now consider Defendants' arguments in turn.

#### A. **Applicability of Law 100 to University of Puerto Rico**

Law 100 protects employees in the private sector from employment discrimination. Huertas-González v. University of Puerto Rico,

CIVIL NO. 08-2084 (JP)          -5-

520 F. Supp. 2d 304, 314 (D.P.R. 2007). In addition, Law 100 applies to government agencies or instrumentalities that operate as private businesses or companies. Id. For Law 100 purposes, nonprofit government organizations are not considered to be operating as private businesses. Id. Because the University is a nonprofit government organization, Law 100 does not apply to the University. Id. ("since the U.P.R. is considered to be a non-profit government instrumentality, Law 100 does not apply in this case, against any of the Defendants[]"). Accordingly, the Court **GRANTS** Defendants' motion to dismiss the Law 100 claims.

### B.   Eleventh Amendment Immunity

Defendants argue that the allegations against them should be dismissed on the basis of Eleventh Amendment immunity. The Eleventh Amendment bars a suit brought in federal court for monetary damages against states, unless the state being sued waives its immunity or consents to be sued. U.S. CONST. amend. XI. Puerto Rico is considered a state for Eleventh Amendment purposes. Metcalf & Eddy v. Puerto Rico Aqueduct & Sewer Auth., 991 F.2d 935, 939 (1st Cir. 1993). Absent waiver, neither a state nor agencies acting under its control may be subject to suit in federal court. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 142 (1993). Eleventh Amendment immunity does not solely protect the state, but also protects arms or "alter egos" of the state.

CIVIL NO. 08-2084 (JP)        -6-

Ainsworth Aristocrat Int'l Pty. Ltd. v. Tourism Company of the Commonwealth of Puerto Rico, 818 F.2d 1034, 1036 (1st Cir. 1987).

### 1. Arm of the State

In order to determine whether an entity such as the University is entitled to Eleventh Amendment Immunity, the entity seeking protection under the Eleventh Amendment bears the burden of proving that it is indeed an arm of the state. Wojcik v. Massachusetts State Lottery Commission, 300 F.3d 92, 99 (1st Cir. 2002).

To resolve arm of the state questions, the United States Court of Appeals for the First Circuit has developed a two-stage framework. Fresenius Medical Care Cardiovascular Resources, Inc. v. Puerto Rico & the Caribbean Cardiovascular Center Corp., 322 F.3d 56, 64-68 (1st Cir. 2003). Under the first prong of Fresenius, the Court must determine whether the state has structured the entity to share its Eleventh Amendment immunity. Pastrana-Torres v. Corporación de Puerto Rico para la Difusión Pública, 460 F.3d 124, 126 (1st Cir. 2006). If the relevant factors conclusively show that it has, Eleventh Amendment immunity applies. Id. However, when the indicia are inconclusive, then the Court must analyze the second prong and determine whether the state's treasury is threatened by the lawsuit. Id.

In the case of the University, it is well settled that the University shares the Commonwealth's Eleventh Amendment immunity. See e.g. Toledo v. Sánchez, 454 F.3d 24, 31 n.1 (1st Cir. 2006) ("The

CIVIL NO. 08-2084 (JP)        -7-

University of Puerto Rico is considered an arm of the state within the purview of the Eleventh Amendment[]"). This conclusion was clearly settled in case law preceding Frenesius, and remains well settled following the First Circuit's adoption of the two part Frenesius test. Id.; Montalvo-Padilla v. University of Puerto Rico, 492 F. Supp. 2d 36, 44 (D.P.R. 2007). Accordingly, we need not repeat a the analysis in further detail here. Because the University is an arm of the state and entitled to Eleventh Amendment Immunity, the Court **GRANTS** Defendants' motion to dismiss the state law claims against the Defendant University.[1]

Although Eleventh Amendment immunity bars claims against the University and representatives of the University in their official capacity, this does not preclude claims under applicable state laws against Defendant Kraiselburd in his individual capacity. See Huertas-González, 520 F. Supp. at 316 (noting that although Eleventh Amendment immunity barred claims against University of Puerto Rico and supervisor in his official capacity, "Law 17 and Law 69 do support individual liability.") (internal citation omitted). Accordingly, the Court **DENIES** Defendants' motion to dismiss the

---

1.  Eleventh Amendment immunity would also apply to bar any claims brought against Defendant Kraiselburd in his official capacity. However, the Court's understanding is that Plaintiff is not alleging any claims against Kraiselburd in his official capacity. The amended complaint (No. 4) names "Edmundo Kraiselburd" as a Defendant, without specifying official capacity. Plaintiff's opposition (No. 19) to Defendants' motion to dismiss states at page three that Plaintiff's claims against Kraiselburd are in his individual capacity. Accordingly, the Court finds that Plaintiff does not allege claims against Kraiselburd in his official capacity.

CIVIL NO. 08-2084 (JP)          -8-

Law 17 and Law 69 claims against Defendant Kraiselburd in his individual capacity.

### C.  Supervisory Liability Under Title VII

Defendants also argue that Plaintiff's Title VII claim against Defendant Kraiselburd should be dismissed because Title VII does not permit a cause of action against individual supervisors.  Title VII creates a cause of action for discrimination by employers.  The First Circuit has determined that the definition of "employer" for Title VII purposes does not encompass individual supervisors, even if such individuals are acting as agents of the employer.  <u>Fantini v. Salem State College</u>, 557 F.3d 22, 30 (1st Cir. 2009).  Therefore, individual supervisors may not be held liable pursuant to a Title VII claim.  <u>Id.</u>  ("[we] take this opportunity to determine as [other circuits] have that there is no individual employee liability under Title VII[]").  In the instant case, the First Circuit rule regarding individual liability dictates that Defendant Kraiselburd may not be held liable for a cause of action under Title VII.  Accordingly, the Court **GRANTS** Defendants' motion to dismiss the Title VII claim against Defendant Kraiselburd.

### IV. CONCLUSION

In conclusion, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss.  The Court will dismiss Plaintiff's Law 100 claim because said law is inapplicable to the University, a nonprofit government entity.  The Court will also dismiss all state

CIVIL NO. 08-2084 (JP)          -9-

law claims against the University on the basis of Eleventh Amendment Immunity.  Finally, the Title VII claim against Defendant Kraiselburd will be dismissed because Title VII does not apply to individual supervisors.  Remaining before the Court are: (1) Plaintiff's Title VII claim against the University; and (2) Plaintiff's Law 17 and Law 69 claims against Defendant Kraiselburd.  A separate Judgment will be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of March, 2010.

s/Jaime Pieras, Jr.
JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE